12-2587-cv
Mary Jo Mace v. Cnty. of Sullivan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:    ROSEMARY S. POOLER,
            SUSAN L. CARNEY,
                    *Circuit Judges*.
            EDWARD R. KORMAN,[*]
                    *District Judge*.

─────────────────────────────────────────────────

MARY JO MACE,

                    *Plaintiff-Appellant*,

            -v-                                    12-2587-cv

COUNTY OF SULLIVAN, DANIEL BRIGGS, individually and as County Manager of the County of Sullivan, OLGA PARLOW, individually and as County Treasurer of the County of Sullivan, PAMELA ROURKE, individually and as Commissioner of Personnel of the County of Sullivan, HARVEY SMITH, individually and as Commissioner of General Services of the County of Sullivan, JOHN DOE, JANE DOE,

                    *Defendants-Appellees*.[**]

─────────────────────────────────────────

─────────────────────────

[*] The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk's Office is instructed to change the caption, as shown.

Appearing for Appellant:	Stephen L. Oppenheim, Law Office of Stephen L. Oppenheim, New York, NY and Michael H. Sussman, Sussman & Watkins, Goshen, NY


Appearing for Appellees:	Cheryl A. McCausland (Samuel S. Yasgur, *on the brief*), Sullivan County Attorney's Office, Monticello, NY and Michael Frey, Barryville, NY

Appeal from the United States District Court for the Southern District of New York (Yanthis, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Mary Jo Mace appeals from the district court's June 25, 2010 amended judgment dismissing her claims, except for an equal protection claim against Defendants-Appellees Briggs and Smith, which Mace voluntarily dismissed. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Circuit has stated that if a party fails to file a timely objection to a magistrate judge's report under 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Civil Procedure 72(b) then the party waives its right to appeal from a judgment subsequently entered. *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *see also Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). If a district court reviews the magistrate's decision de novo and renders an opinion, despite the untimely objections, this Court may disregard the procedural restriction and reach the merits of the case. *United States v. Male Juvenile*, 121 F.3d 34, 39 (2d Cir. 1997). Nonetheless, in such cases, we recognize a procedural bar exists and we need not permit appellate review.

Here, pursuant to Federal Rule of Civil Procedure 72, the magistrate judge filed his report on November 13, 2007, advised parties of a ten day filing period, and warned that "failure to file timely objections will preclude late appellate review." Appellant filed objections on December 4, 2007 and January 2, 2008, well after the ten-day filing period. We conclude the untimeliness of these objections creates a procedural bar to appellate review.

Nevertheless, even if we were to excuse Mace's failure, we conclude that the district court did not abuse its discretion in denying her request for leave to amend. The district court "has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). On February 11, 2009, the district court adopted the Report and Recommendation of the magistrate judge and dismissed plaintiff's claims against all defendants for violations of due process, both procedural and substantive, and the First Amendment, the latter without prejudice. It also granted Mace "leave to file an amended complaint amplifying the factual allegations" as to her First Amendment claim. Mace failed to amend her complaint subsequently. On December 2, 2009, the district court warned of imminent dismissal of the litigation due to abandonment. Still, Mace did not amend her complaint. On June 18, 2010 and

June 25, 2010, the district court entered judgments dismissing Mace's claims against all defendants for violations of due process, both procedural and substantive, and first amendment rights, and Mace's equal protection claim with respect to Rourke and Parlow. On December 22, 2011, Mace withdrew, with prejudice, her remaining claims, and on June 22, 2012, Mace filed the underlying Notice of Appeal from the June 2010 judgments and from the stipulation of voluntary dismissal dated December 2011 filed May 24, 2012. In light of these circumstances, where the district court dismissed Mace's claims six months after its warning of imminent dismissal, we affirm the district court's decision. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201-02 (2d Cir. 2007) (affirming district court's denial of plaintiffs' motion for leave to amend complaint two months after discovery had closed and nearly two years after the filing of the original complaint).

We have considered all of Mace's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3